■ CHERYL TIEGS, Appellant, v MATCHBOX TOYS (USA), LTD., Respondent. [639 NYS2d 828] —Order, Supreme Court, New York County (Walter Schackman, J.), entered September 19, 1994, which denied plaintiff's motion for partial summary judgment on the issue of defendant's liability for breach of contract, unanimously affirmed, with costs and disbursements.

The terms of the licensing agreement entered into between plaintiff and defendant obligated defendant to conduct a broad based national advertising campaign for the proposed product for which plaintiff granted defendant an exclusive license to use her name, signature and likeness. Test marketing in two key areas, Los Angeles and Boston, allegedly in accordance with custom and practice in the industry, demonstrated that the product could not be sold, thus rendering any national advertising campaign futile. Defendant made a showing that a national advertising campaign is never run without first successfully test marketing the product. Plaintiff argues that the specific obligation to conduct a national advertising campaign takes precedence over the more general contractual obligation that defendant use its best efforts to exploit the license in accordance with industry custom and usage. Whether defendant was obligated to conduct an apparently useless national advertising campaign if, in the exercise of its discretion under the contract, it decided, after testing in two major markets, that the product could not be marketed successfully presents

an issue of fact as to the intentions and the obligations of the parties, which precludes the granting of summary judgment. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.